## Caudill v. Commonwealth.

Dec. 1, 1942.

C. A. Noble for appellant.

Hubert Meredith, Attorney General, and Frank A. Logan, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

Biram Caudill shot and killed Green Stacy, at Duane, Perry County, on May 11, 1940. He appeals from the judgment convicting him of manslaughter, with two years' imprisonment, upon the ground that as the evidence is as consistent with innocence as with guilt, the court should have directed a verdict of acquittal.

The stated rule is usually applied to cases where there is only circumstantial evidence of corpus delicti or of the defendant having committed the crime. When the accused admits the overt act, such as that he killed a man, and the question is whether it was criminal or was excusable or justifiable, there is, as a practical matter, although not technical, a burden resting upon the accused to establish the act as nonculpable. Monson v. Commonwealth, 290 Ky. 350, 161 S. W. (2d) 55. That is the case we have here. The question is whether all the facts and circumstances so clearly establish self-defense that it can be said the jury of presumably fair men and women could not reasonably have deduced or inferred otherwise. We think only a general statement of the Commonwealth's evidence is sufficient to show that the jury was fully authorized to render the verdict it did.

Irvine Stacy, the deceased's brother, testified that when the defendant, Caudill, and three companions, drove up in front of a beer and dance hall he tried to run over him. Stacy precipitated a fight during which he was knocked down by Caudill striking him on the head with a pistol. During this fight the deceased, Green Stacy, came out of one of the saloons, asked who had hit his brother, to which the defendant responded, ''God damn you, I will kill you; don't you come in here.'' Others in-

tervened, some as participants on one side or the other, and some as peacemakers. The defendant, the deceased, and all these men had been drinking and were more or less intoxicated. Green Stacy pulled off his cap and coat and approached Caudill, who backed across the road, warning Stacy to come no farther. Stacy, with an oath, said he was a coward if he didn't shoot him. There appears to have been a brief intermission at this point. Cola Combs took Stacy by the arm and led him away. Caudill went over towards his car and in the direction they had gone and fired twice. One shot hit Irvine Stacy in the foot and the other struck Green Stacy over the left eye, causing almost instant death. At that time the deceased was putting on his jacket and making no attack or assault on the defendant. All witnesses, except the defendant, say the deceased was not armed in any way.

We have stated the evidence for the Commonwealth in its strongest form for the jury was authorized to accept it that way. The defendant's contentions are that he had gone to Duane to meet his wife who was coming in on the bus; that Irvine Stacy had precipitated a fight without justification; and the deceased had intervened and backed him across the highway. As to the immediate occurrence, his claim is that Green Stacy jerked loose from Cola Combs and joined Irvine Stacy in renewing the attack upon him. He shot both men in self-defense and while the deceased was pursuing him with a knife.

The jury chose to accept the Commonwealth's version of this affray, and we cannot say that the verdict is not sustained by the evidence.

Judgment affirmed.